IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| BILLIE JOE CHAPMAN, | ) |
| Petitioner, | ) |
| v. | ) Case No. 1:22-cv-01203-STA-jay |
| JERRY WARDLOW | ) |
| Respondent. | ) |

**ORDER DENYING APPOINTMENT OF COUNSEL,
GRANTING PETITIONER AN EXTENSION OF TIME TO FILE A THIRD AMENDED
PETITION, AND DENYING MOTIONS WITHOUT PREJUDICE**

Before the Court are motions filed by Petitioner Billie Joe Chapman in his proceeding under 28 U.S.C. § 2254, including three motions to appoint counsel (ECF Nos. 33, 42, 56), a motion for an extension of time (ECF No. 51), and twenty other motions filed between April 6, 2023, and October 10, 2023, requesting various forms of relief (ECF Nos. 30, 36, 37, 39, 40, 41, 43, 44, 45, 46, 47, 48, 49, 50, 52, 53, 54, 55, 57, 58.)

For the reasons explained below, Petitioner's three motions for the appointment of counsel (ECF Nos. 33, 42, 56) are **DENIED**. Petitioner's motion for an extension of time to file a third amended § 2254 petition (ECF No. 51) is **GRANTED**, and Petitioner must file his amended petition no later than twenty-eight days from the entry of this Order. Because all other pending motions (ECF Nos. 30, 36, 37, 39, 40, 41, 43-50, 52-55, 57, 58) are premature, they are **DENIED** without prejudice to refile should Petitioner's third amended petition, if filed, survive preliminary review.

On September 19, 2022, Petitioner filed a *pro se* habeas corpus petition under § 2254. (ECF No. 1.) Because it was unclear whether Petitioner was challenging the same conviction that formed the basis of a then-pending § 2254 petition in *Chapman v. Wardlow*, No. 1:20-cv-01139-STA-jay (W.D. Tenn.), the Court directed Petitioner to file an amended petition clarifying the issue.[1] (ECF No. 29.) Petitioner filed an amended § 2254 petition on April 12, 2023 (ECF No. 32), and a second amended petition on May 8, 2023 (ECF No. 34.)

On preliminary review of the second amended petition, the Court determined that Petitioner had failed to exhaust his state court remedies because his appeal of the state trial court's denial of his state post-conviction petition was still pending in the Tennessee Court of Criminal Appeals (TCCA). (ECF No. 38). Accordingly, the Court entered an order directing Petitioner to show cause why his second amended petition should not be dismissed for failure to exhaust state court remedies as required under 28 U.S.C. § 2254(b)(1)(A). (*Id*. at PageID 268.)

Rather than respond directly to the Court's show cause order, Petitioner filed numerous motions, including multiple requests for the appointment of counsel (ECF Nos. 33, 42, 56), and a request for an extension of time to research his § 2254 claims and "get cop[ies] of [d]ocuments and [e]xhaustion . . . cases." (ECF No. 51.) A search of the Tennessee Administrative Office of the Courts website reveals that the TCCA affirmed the state trial court's denial of Petitioner's state post-conviction petition on August 29, 2023. *See Chapman v. State*, No. W2022-01333-CCA-

---

[1] The petition in No. 1:20-cv-01139-STA-jay was construed as a habeas corpus petition brought under 28 U.S.C. § 2241 because Petitioner was challenging his pre-trial detention on an aggravated assault charge. (ECF No. 7.) The two claims related to Petitioner's aggravated assault charge were later dismissed because he had failed to exhaust his state court remedies. (ECF No. 21.) The remaining claim in the § 2241 petition, which related to the revocation of Petitioner's probation on a conviction for driving with a suspected license, was dismissed on May 24, 2023, after Petitioner failed to respond to the Court's show cause order. (ECF No. 37.)

R3-PC, 2023 WL 5572932, at *6 (Tenn. Crim. App. Aug. 29, 2023).  Thus, with respect to the claims raised before the state trial court and the TCCA, Petitioner appears to have exhausted his state court remedies.  *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990) (stating that "[t]he exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims"); *see also* Tenn. Sup. Ct. R. 39 (providing that "when the [post-conviction] claim has been presented to the Court of Criminal Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies available for that claim"); *Adams v. Holland*, 330 F.3d 398, 402 (6th Cir. 2003) (recognizing that for purposes of exhaustion, Rule 39 eliminated the need to seek review in the Tennessee Supreme Court once the TCCA has denied a habeas claim).[2]

Petitioner has also requested the appointment of counsel in three separate motions. (ECF Nos. 33, 42, 56.)   He asserts that he is "mentally disabled" and claims that the facility where he is in custody has refused access to the prison law library.  (ECF No. 42.)

The Sixth Amendment right to the appointment of counsel in criminal cases "extends to the first appeal of right, and no further."  *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Prisoners do not have a constitutional right to counsel when mounting collateral attacks on their convictions.  *Id.*  "The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require." *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986); *see* 18 U.S.C. § 3006A(a)(2)(B) (stating that

---

[2] Petitioner also has an application for permission to appeal pending before the Tennessee Supreme Court.   *See Chapman v. State*, No. W2022-01333-CCA-R-11-PC (Tenn. Sept. 5, 2023).

counsel may be appointed for persons seeking relief under § 2254 who are financially eligible whenever the court determines "that the interests of justice so require"). The appointment of counsel is mandatory only when an evidentiary hearing is required. *See* Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"). "In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors." *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994).

The Court is not persuaded that appointment of counsel would be in the interest of justice at this time. Pro se prisoners routinely file and litigate § 2254 petitions, and Petitioner has made no showing that his case is factually or legally complex or unusual. Though Petitioner claims that the "prison facility refuses law library [sic]" (ECF No. 42), any limitation on his access to the prison's law library has not impeded his ability to file an initial § 2254 petition, amended petitions, and numerous motions in this court. Appointment of counsel is therefore **DENIED**. If a hearing is required, counsel will be appointed to represent Petitioner without the filing of a motion.

Petitioner's motion for an extension of time to file a third amended petition is **GRANTED**. Petitioner must use or substantially follow the district's official § 2254 form and file his amended petition no later than twenty-eight days from the entry of this order. Any petition filed should clearly state the nature of Petitioner's claims and be supported with sufficient facts as required by Rule 2 of the Habeas Rules.

Failure to file a third amended petition will result in dismissal of the Second Amended Petition and the case without further notice for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk is **DIRECTED** to send Petitioner a § 2254 form.

Because Petitioner's other pending motions are premature, they are **DENIED** without prejudice to refile should the third amended petition, if filed, survive preliminary review.

**IT IS SO ORDERED**.

                                               **s/ S. Thomas Anderson**
                                               S. THOMAS ANDERSON
                                               UNITED STATES DISTRICT JUDGE

                                               Date: October 26, 2023