IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| BILLIE JOE CHAPMAN, | ) |
| Petitioner, | ) |
| v. | ) Case No. 1:22-cv-01203-STA-jay |
| JERRY WARDLOW | ) |
| Respondent. | ) |

**ORDER DISMISING PETITION WITHOUT PREJUDICE, DENYING CERTIFICATE OF APPEALABILITY, CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

On September 19, 2022, Petitioner Billie Joe Chapman, Tennessee Department of Correction prisoner number 633331, an inmate incarcerated at the Hardeman County Correctional Facility in Whiteville, Tennessee, filed a *pro se* petition under 28 U.S.C. § 2254. (ECF No. 1.) Because it was unclear whether Petitioner was challenging the same conviction that formed the basis of a then-pending § 2254 petition in *Chapman v. Wardlow*, No. 1:20-cv-01139-STA-jay (W.D. Tenn.), the Court directed Petitioner to file an amended petition clarifying the issue.[1] (ECF No. 29.) Petitioner filed an amended § 2254 petition on April 12, 2023 (ECF No. 32), and a second amended petition on May 8, 2023 (ECF No. 34).

---

[1] The petition in No. 1:20-cv-01139-STA-jay was construed as a habeas corpus petition brought under 28 U.S.C. § 2241 because Petitioner was challenging his pre-trial detention on an aggravated assault charge. (ECF No. 7.) The two claims related to Petitioner's aggravated assault charge were later dismissed because he had failed to exhaust his state court remedies. (ECF No. 21.) The remaining claim in the § 2241 petition, which related to the revocation of Petitioner's probation on a conviction for driving with a suspected license, was dismissed on May 24, 2023, after Petitioner failed to respond to the Court's show cause order. (ECF No. 37.)

On preliminary review of the second amended petition, the Court determined that Petitioner had failed to exhaust his state court remedies because his appeal of the state trial court's denial of his state post-conviction petition was still pending in the Tennessee Court of Criminal Appeals ("TCCA"). (ECF No. 38.) Accordingly, the Court entered an order directing Petitioner to show cause why his second amended petition should not be dismissed for failure to exhaust state court remedies as required under 28 U.S.C. § 2254(b)(1)(A). (*Id*. at PageID 268.)

Rather than respond directly to the Court's show cause order, Petitioner filed numerous motions, including a request for an extension of time to research his § 2254 claims and "get cop[ies] of [d]ocuments and [e]xhaustion . . . cases." (ECF No. 51.) The Court determined, following a search of the Tennessee Administrative Office of the Courts website, that the TCCA had affirmed the state trial court's denial of Petitioner's state post-conviction petition on August 29, 2023. *See Chapman v. State*, No. W2022-01333-CCA-R3-PC, 2023 WL 5572932, at *6 (Tenn. Crim. App. Aug. 29, 2023). The Tennessee Supreme Court has also since denied Petitioner's application for permission to appeal on November 21, 2023. *See Chapman v. State*, No. W2022-01333-CCA-R-11-PC (Tenn. Nov. 21, 2023). Thus, Petitioner appears to no longer have available state court remedies.

The Court granted Petitioner's motion for an extension of time to file a third amended § 2254 petition. (*Id*.) Petitioner was ordered to file his amended petition no later than 28 days from the entry of the Court's order on October 26, 2023. (*Id*.) The Court warned that "[f]ailure to file a third amended petition will result in dismissal of the Second Amended Petition and the case without further notice for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." (*Id*.)

Petitioner has failed to file a third amended petition, and the time for filing has expired. Accordingly, his Second Amended § 2254 petition is **DISMISSED WITHOUT PREJUDICE** under Rule 41(b) for failure to prosecute.

## APPELLATE ISSUES

There is no absolute entitlement to appeal a district court's denial of a § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Bradley v. Birkett*, 156 F. App'x 771, 772 (6th Cir. 2005). The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. A petitioner may not take an appeal unless a circuit or district judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2)–(3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal quotation marks omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011). Courts should not issue a COA as a matter of course. *Bradley*, 156 F. App'x at 773.

In this case, Petitioner has failed to file a third amended petition as directed by the Court. Because any appeal by Petitioner based on dismissal for failure to prosecute would be useless, the Court **DENIES** a certificate of appealability.

Additionally, Federal Rule of Appellate Procedure 24(a)(1) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the prisoner must file his motion to proceed in forma pauperis in the appellate court. *See* Fed. R. App. P. 24(a) (4)-(5). In this case, for the same reasons the Court denies a COA, the Court determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Rule 24(a) that any appeal in this matter would not be taken in good faith and leave to appeal in forma pauperis is **DENIED**.[2]

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: December 6, 2023

---

[2] If Petitioner files a notice of appeal, he must pay the full $605 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days of the date of entry of this Order. *See* Fed. R. App. P. 24(a)(5).